# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DALE A. THOMPSON, ) | |
|                 Plaintiff, ) | Case No. 2:12-cv-01659-RCJ-CWH |
| vs. ) | **ORDER** |
| UNITED STATES, *et al.*, ) | |
|                 Defendants. ) | |

       This matter is before the Court on Plaintiff's Motion to Withdraw Order Granting Extension of Time (#19), filed August 22, 2013. Plaintiff asks the Court to withdraw its prior order granting Defendants a limited ten (10) day extension of time to file a responsive pleading. *See* Order (#17).

       It appears Plaintiff is seeking reconsideration of a prior order under Federal Rule of Civil Procedure 60(b). The grounds for reconsideration can normally be divided into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *See e.g. School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a vehicle permitting an unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

       The Court may also exercise its inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a

court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114. A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985).

The reasons presented by Plaintiff in support of his request are: (1) he was not contacted in a timely manner regarding the extension; (2) he did not have an opportunity to respond; and (3) there is not good cause for the extension because defense counsel could have another person assist in filing the response. None of these reasons is sufficient for withdrawal of the prior order. The motion to extend time was filed before expiration of the time period to file a responsive pleading. The motion was reviewed and granted pursuant to Fed. R. Civ. P. 6(b)(1)(A), which provides that "for good cause" the Court may extend time to complete an act "with or without motion or notice if the court acts, or the request is made, before the original time for its extension expires." The Court may grant a timely motion to extend under Rule 6(b)(1)(A) with or without notice. It is not required that a non-moving party be contacted prior to an extension being granted under Rule 6(b)(1)(A). It is not required that a non-moving party be given notice prior to the court taking action on a timely request under Rule 6(b)(1)(A). It is required that there be good cause for the extension. As previously held, Defendants' counsel clearly demonstrated good cause for the limited ten (10) day extension. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Withdraw Order Granting Extension of Time (#19) is **denied**.

Dated: August 23, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge