1
2
3
4
5
6
7               **UNITED STATES DISTRICT COURT**
8                    **DISTRICT OF NEVADA**
9                          * * *

10   DALE A. THOMPSON,                     Case No. 2:12-cv-01659-RFB-PAL
11                                                **ORDER**
12                              Plaintiff,
                                          Defendants' Motion to Dismiss or, in the
13            v.                          Alternative, Motion for Summary Judgment
14                                                   (ECF No. 21)
15   UNITED STATES OF AMERICA, *et al.*,
16                             Defendants.   Plaintiff's Motion for Dispute of Defendant's
17                                            Administrative Record (ECF No. 26)
18
19                                          Plaintiff's Motion for Leave to File
20                                          Supplement (ECF No. 28) to  Response to
21                                                Motion to Dismiss
22
23   **I.      INTRODUCTION**
24           Before the Court is a Motion to Dismiss or, in the Alternative, Motion for Summary
25   Judgment filed by Defendants United States of America, John M. McHugh, and the Army Board
26   for Correction of Military Records (ABCMR) (ECF No. 21) and a Motion for Dispute of
27   Defendants' Administrative Record filed by Plaintiff Dale A. Thompson (ECF No. 26). The
28   Court has reviewed the parties' filings and heard oral argument. For the reasons stated below,

Defendants' motion to dismiss is granted in part and denied in part. Thompson's motion disputing the administrative record is denied without prejudice.

## II.    BACKGROUND

The following factual background is taken from Plaintiff's Complaint filed on January 7, 2013.

Plaintiff Dale A. Thompson is a veteran who enlisted in the U.S. Army in August of 1969 at the age of 17. Compl. at 1, 3. He completed basic training and advanced individual training, obtaining qualifications to become a Stock Control and Accounting Specialist. Id. at 1. On December 11, 1969, Thompson states that he suffered permanent injuries to his dominant left hand as a result of being assaulted by other soldiers at Fort Lee, Virginia. Id. at 2-3. Thompson was then assigned to Fort Carson, Colorado, where he was subsequently discharged on March 25, 1970 after Thompson's commander determined that he "could not or would not perform his military duties." Id. at 3. Thompson was given a sealed letter by his commander to give to an Army lawyer as well as an Army psychiatrist. Id. at 4. When he met with the lawyer, he was advised that his discharge would affect his employment and benefits processed through the Department of Veterans Affairs (VA). Id. Thompson was then out-processed, ordered to sign away any VA claims, and given a General Discharge with the reason of "immaturity-personality disorder." Id.

On June 27, 2007, Thompson filed a petition with the ABCMR, a statutory civilian review board with the authority to correct errors in official military personnel records, to correct his records to reflect that he was discharged for medical reasons. Id.; see also id., Ex. B. On January 8, 2008, the ABCMR granted partial relief to Thompson, ordering that his discharge be upgraded to fully honorable but denying his request to remove "unsuitability – character and behavioral disorders" as the stated reason for discharge on his certificate of release on the grounds that there was insufficient evidence to grant such request. Id. at 5; id., Ex. B.

On September 14, 2009, more than one year after the ABCMR's decision, Thompson received documentation from the VA which he had not seen before but had been attempting to

obtain since sometime in 1980. Id. at 5. Thompson obtained these documents via a Freedom of Information Act request and subsequent court order. Id. The documents stated that Thompson had "civil convictions for burglary as well as character disorders" and were used as evidence by the VA in its prior decisions to deny benefits to Thompson. Id. On January 22, 2012, Thompson requested that the ABCMR reconsider its 2008 decision, and submitted documents received from the VA as well as other evidence that he claims proved the falsity of the VA documents' allegations. Id. at 6. The ABCMR rejected Thompson's request on September 21, 2010, stating that applicants may only request reconsideration "if the request is received within one year of the ABCMR's original decision and it has not previously been reconsidered." Id., Ex. D.

Thompson brought suit in this Court and argues that the ABCMR did not abide by its own regulations. Thompson cites to a set of "[c]urrent [o]n line instructions" from the ABCMR that state that requests for reconsideration received more than one year after the Board's original decision will be reviewed by ABCMR staff to determine whether sufficient new relevant evidence has been submitted warranting reconsideration by the ABCMR. Id. at 6. Thompson claims that the ABCMR neglected to follow this procedure and that this decision was arbitrary, capricious, contrary to law, and unsupported by substantial evidence. Id. In his Complaint, Thompson claims that his Fifth Amendment rights were violated and requests that this Court order the ABCMR to either correct his records or fully reconsider its original decision. Thompson also requests monetary damages stemming from his allegedly wrongful discharge in 1970.

Defendants move to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, they move for summary judgment pursuant to Rule 56. In the event that their motion is considered as a motion for summary judgment, Defendants have submitted a copy of the Administrative Record. Thompson opposes Defendants' motion and has filed a motion disputing Defendants' AR. See ECF Nos. 26, 27. In addition, Thompson has filed two errata to his complaint. The first, filed on June 19, 2013 (ECF No. 9), seeks to amend his damage claim to request more than $5,000,000 in damages. The second, filed on September 4,

1   2013 (ECF No. 25), requests complete withdrawal of the paragraph that demands money

2   damages.

3

4   **III.    LEGAL STANDARD**

5      **A.  Rule 12(b)(1)**

6      To invoke a federal court's limited subject matter jurisdiction, a complaint need only

7   provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P.

8   8(a)(1). Ordinarily, the court will accept the plaintiff's factual allegations as true unless they are

9   contested by the defendant. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). A defendant

10  may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

11  If subject matter jurisdiction is challenged, the burden is on the party asserting jurisdiction to

12  establish it. In re Dynamic Random Access Memory Antitrust Litigation, 546 F.3d 981, 984 (9th

13  Cir. 2008). (citations omitted). Dismissal under Rule 12(b)(1) is appropriate if the complaint,

14  considered in its entirety, fails to allege facts on its face that are sufficient to establish subject

15  matter jurisdiction. Id. at 984-85.

16     A defendant may challenge jurisdiction under Rule 12(b)(1) in one of two ways. Leite,

17  749 F.3d at 1121. First, the challenge can be "facial," whereby the defendant contends that the

18  plaintiff's allegations, even if true, are nonetheless insufficient to invoke jurisdiction in federal

19  court. Id. (citation omitted). When presented with a facial attack, the court determines whether,

20  accepting the facts as alleged by the plaintiff and drawing all reasonable inferences in the

21  plaintiff's favor, the complaint invokes the court's jurisdiction. Id.; Pride v. Correa, 719 F.3d

22  1130, 1133 (9th Cir. 2013). Second, the challenge may be "factual," where the defendant

23  "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside

24  the pleadings." Leite, 749 F.3d at 1121 (citations omitted). When responding to a factual attack,

25  the plaintiff must establish by a preponderance of the evidence that the elements of jurisdiction

26  have been met, and the court may resolve factual disputes itself unless the existence of

27  jurisdiction turns on the resolution of factual issues that go to the substantive merits of the action.

28  Id. at 1121-22; Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In that case,

1   the court should not grant a motion to dismiss pursuant to Rule 12(b)(1) unless the allegations in

2   the complaint are frivolous. Id. at 1039-40 (quoting Thornhill Publ'g Co. v. Gen. Tel. & Elec.

3   Corp., 594 F.2d 730, 734 (9th Cir. 1979)).

4

5        **B.  Rule 12(b)(6)**

6        An initial pleading must contain "a short and plain statement of the claim showing that

7   the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court may dismiss a complaint for

8   failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a

9   motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted

10  as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT

11  Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents

12  filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally

13  construed, and a pro se complaint must be "held to less stringent standards than formal pleadings

14  drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429

15  U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); see also Butler v. Long,

16  752 F.3d 1177, 1180 (9th Cir. 2014).

17       To survive a motion to dismiss, a complaint need not contain "detailed factual

18  allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation

19  of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

20  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be

21  dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is

22  plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for

23  the misconduct alleged." Iqbal, 556 U.S. at 678 (internal quotation and citation omitted). The

24  Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held

25  that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that,

26  together with reasonable inferences from those facts, are "plausibly suggestive of a claim

27  entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

28       "As a general rule, a district court may not consider any material beyond the pleadings in

ruling on a Rule 12(b)(6) motion." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001) (quotation and citation omitted). In deciding a motion to dismiss under Rule 12(b)(6), the district court's review is limited to the complaint itself; the court does not decide at this stage whether the plaintiff will ultimately prevail on her claims, but rather whether she may offer evidence to support those claims. <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274 (9th Cir. 1993) (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996). However, two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. <u>Lee</u>, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." <u>Id.</u> (citation omitted) (internal quotation marks omitted).

## IV.   DISCUSSION

Defendants' motion is structured in the alternative. It asks this Court to dismiss Thompson's complaint on sovereign immunity and statute of limitations grounds as well as for failure to state a claim upon which relief can be granted. In the alternative, Defendants move for summary judgment and have submitted a copy of the Administrative Record (AR) upon which the ABCMR relied in making its decisions. The Court will not convert Defendants' motion into one for summary judgment, and therefore will rule on the motion to dismiss without considering any material submitted outside of the pleadings other than those documents physically attached to the complaint.

The Court, mindful of the liberal pleading standards afforded to *pro se* litigants, construes Thompson's complaint as asserting two distinct claims. First, Thompson brings a claim for injunctive relief in which he requests that this Court, pursuant to the provisions of the Administrative Procedure Act authorizing judicial review of agency action, 5 U.S.C. § 701 *et seq*

1    (APA), order that the ABCMR fully reconsider its original decision or, in the alternative, order

2    that the ABCMR correct his records.[1] Second, Thompson asserts a claim for monetary damages

3    in which he seeks back pay or medical retirement benefits stemming from his allegedly wrongful

4    discharge in 1970. The Court addresses each claim in turn.

5

6                **A.  Thompson's Injunctive Relief Claim**

7            In his complaint, Thompson argues that the ABCMR did not abide by its own regulation

8    when it returned his request for reconsideration without action. Thompson argues that this action

9    was arbitrary, capricious, contrary to law, and unsupported by substantial evidence. Defendants

10   argue that this claim should be dismissed because Thompson did not establish a waiver of

11   sovereign immunity and because his claim fails to state a claim upon which relief can be granted,

12   as the ABCMR properly followed its regulation.

13               1.  Sovereign immunity

14           The United States is immune from suit unless it has consented. Ordonez v. U.S., 680 F.3d

15   1135, 1138 (9th Cir. 2012). Sovereign immunity may be waived, but such a waiver must be

16   expressed unequivocally via statute, will not be implied, and its scope will be strictly construed

17   in favor of the government. Lane v. Pena, 518 U.S. 187, 192 (1996). The party bringing suit

18   bears the burden of establishing an unequivocal waiver of sovereign immunity. Dunn & Black,

19   P.S. v. United States, 492 F.3d 1084, 1088 (9th Cir. 2007).

20           The Court finds that Thompson has satisfied his burden of establishing that the United

21   States has waived sovereign immunity. Section 702 of the APA waives the sovereign immunity

22   of the United States for claims seeking relief other than money damages. The Presbyterian

23   Church (U.S.A.) v. United States, 870 F.2d 518, 523-24 (9th Cir. 1989). Thompson's complaint,

24

25   [1]  Defendants argue that Thompson is asking for *all* references to character and behavior
     disorders in any of his records be deleted and that Thompson has not exhausted administrative
26   remedies for this request. Defs.' Mot. Dismiss, ECF No. 21, at 23-24. However, the Court
     construes Thompson's claim for injunctive relief as pertaining to the original relief he
27   requested—that references to character and behavior disorders be removed as the reason for
     discharge and to insert that Thompson was discharged due to medical disability. See Complaint
28   Ex. B.

1   which is construed liberally as Thompson is proceeding *pro se*, clearly seeks judicial review of

2   agency action pursuant to the APA notwithstanding the fact that it does not specifically cite to

3   the statute. Thompson identifies what he believes to be an ABCMR regulation; alleges that the

4   ABCMR did not follow its regulation and that this decision was arbitrary, capricious, contrary to

5   law, and unsupported by substantial evidence; and asks this Court to review the ABCMR's

6   decision and order a full reconsideration.

7         Even though Thompson's complaint establishes a waiver of sovereign immunity, the

8   APA does not create an independent source of jurisdiction for Thompson's claim. Cornejo-

9   Barreto v. Seifert, 218 F.3d 1004, 1015 (9th Cir. 2000), overruled on other grounds by Trinidad y

10  Garcia v. Thomas, 683 F.3d 952 (9th Cir. 2012). However, Thompson has properly invoked this

11  Court's jurisdiction under 28 U.S.C. § 1331, as he seeks review of agency action. Presbyterian,

12  870 F.2d at 524; Califano v. Sanders, 430 U.S. 99, 106 (1977). Further, because Thompson's

13  claim for non-monetary relief is distinct from his claim for monetary damages, it is not barred

14  merely because it is brought alongside a damages claim pursuant to the Tucker Act that, if

15  seeking an amount greater than $10,000, would be outside this Court's jurisdiction. Rowe v.

16  United States, 633 F.2d 799, 801-02 (9th Cir. 1980). Thompson has thus properly established

17  subject matter jurisdiction in this Court for his injunctive relief claim.

18        2.   Failure to state a claim

19        Defendants argue that Thompson's claim for injunctive relief from the ABCMR's denial

20  of reconsideration should be dismissed pursuant to Rule 12(b)(6) because the ABCMR properly

21  followed its regulation. According to Defendants, the regulation that applies to the ABCMR's

22  decision is Army Regulation 15-185 ¶ 2-15(b), codified as 32 C.F.R. § 581.3(g)(4)(ii), which

23  states, *inter alia*, that requests for reconsideration received more than one year after the

24  ABCMR's original decision "will be returned without action."

25        The Court finds that Thompson's complaint adequately states a claim upon which relief

26  can be granted with respect to his claim for injunctive relief. At the motion to dismiss stage, the

27  Court accepts Thompson's allegations as true and construes his *pro se* complaint liberally.

28  According to Thompson's pleading, the regulation governing requests for reconsideration by the

ABCMR was actually that which is cited on page 6 of the complaint, which states that that requests for reconsideration received more than one year after the ABCMR's original decision will be reviewed by ABCMR staff to determine whether there is substantial relevant evidence meeting the criteria for full reconsideration by the Board. While Defendants argue that the regulation Thompson relied on in his complaint is out of date, this is a factual dispute inappropriate for resolution at the motion to dismiss stage. Thompson could produce facts in discovery showing that the new regulation was not adopted, published or otherwise made available to the public in time to govern the instant action. Therefore, Thompson has alleged sufficient facts to enable the Court to reasonably infer that he is entitled to relief, see Moss, 572 F.3d at 969, and the Court therefore denies Defendants' motion to dismiss with respect to the claim for injunctive relief.

In this claim, Thompson also appears to be asking this Court in the alternative to make a substantive merits decision on Thompson's request for reconsideration—that is, to affirmatively order that his records be corrected rather than simply remanding his case to the ABCMR for a full reconsideration. See Compl. at 10. The Federal Rules allow for alternative statements of a claim and "the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Because Thompson's claim is sufficient on the grounds that the ABCMR did not follow its posted regulation and thus it is plausible that relief will consist of a remand to the ABCMR for reconsideration, the Court declines to address Thompson's alternative claim at this time.


**B.  Thompson's Monetary Damages Claim**

The Court liberally construes Thompson's claim for back pay or medical retirement pay as a wrongful discharge claim arising under the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction of claims against the United States founded upon an express or implied contract with the Army. See § 1491(a)(1). In order for this Court to retain jurisdiction of Thompson's damages claim, Thompson would have to plead damages of $10,000 or less. If he did, this Court would have concurrent jurisdiction along with the Court of Federal Claims pursuant to the Little Tucker Act. See 28 U.S.C. § 1346(a)(2).

1    The Court finds that Thompson's complaint does not adequately establish this Court's

2    subject matter jurisdiction over his monetary damages claim. It is unclear whether Thompson

3    intended to request "more than $10,000" or "more than $1,000" in his initial complaint, <u>see</u>

4    Compl. at 10, and the Court cannot determine from his subsequent errata filings (ECF Nos. 9 and

5    25) whether or not he intended to withdraw his damages claim entirely. While the Court will

6    liberally construe *pro se* pleadings, it will not supply essential elements of a claim that were not

7    pled. <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). Additionally,

8    when informed at oral argument of this deficiency in his damages claim as well as the Court's

9    concern that he had not adequately stated a claim for medical retirement benefits upon which

10   relief could be granted, Thompson chose to withdraw this claim rather than attempt to amend it.

11   The Court thus accepts Thompson's voluntary withdrawal and dismisses his damages claim with

12   prejudice.

13

14   **C.  Thompson's Motion Disputing Defendants' Administrative Record**

15   Following the filing of Defendants' motion to dismiss or, in the alternative, for summary

16   judgment, Thompson filed a Motion for Dispute of Defendants' Administrative Record. ECF No.

17   26. In his motion, Thompson submits additional documents which he states are necessary for the

18   Court's review of the ABCMR's decision. Defendants oppose the motion, stating that judicial

19   review under the APA is based solely on the record before the agency when it made its decision

20   and that this case does not meet any of the exceptions pursuant to which the record may be

21   supplemented. <u>See</u> Defs.' Combined Opp. to Pl.'s Mots., ECF No. 29, at 4-5.

22   As discussed above, the Court will not convert Defendants' motion into one for summary

23   judgment and thus is not engaging in a review of the AR at this time. Further, the issue of

24   whether the Court will conduct a review of the AR and whether the AR needs to be

25   supplemented may depend on additional facts, regarding which regulation applies to Thompson,

26   that the Court anticipates will surface during a limited period of discovery. The Court therefore

27   denies Thompson's motion disputing the AR without prejudice. If the parties file motions for

28

1    summary judgment at the close of discovery, Thompson will be permitted to resubmit any

2    motion seeking to dispute or supplement the AR.

3

4    **IV.    CONCLUSION**

5         **IT IS THEREFORE ORDERED** that Defendants United States of America, John M.

6    McHugh, and the Army Board for Correction of Military Records's Motion to Dismiss or, in the

7    Alternative, Motion for Summary Judgment (ECF No. 21) is **DENIED** with respect to Plaintiff

8    Dale A. Thompson's claim for injunctive relief, and **GRANTED** with respect to Plaintiff's claim

9    for monetary damages. Plaintiff's claim for monetary damages is dismissed with prejudice.

10        **IT IS FURTHER ORDERED** that Plaintiff Dale A. Thompson's Motion for Dispute of

11   Defendant's Administrative Record (ECF No. 26) is **DENIED** without prejudice to it being

12   reasserted at the close of discovery.

13        **IT IS FURTHER ORDERED** that Plaintiff Dale A. Thompson's Motion for Leave to

14   File Supplement (ECF No. 28) to Response to Motion to Dismiss is **DENIED** as moot.  To the

15   extent that Plaintiff is requesting leave to supplement the Administrative Record, Plaintiff may

16   reassert such request at the close of discovery.

17        **IT IS FURTHER ORDERED** that the parties shall meet and confer within **two (2)**

18   **weeks** of the date of this Order to develop a proposed discovery plan addressing the following

19   issues: (1) when Army Regulation 15-185 was adopted and made available to the public, and (2)

20   whether the ABCMR possessed the additional documents given to Thompson from the VA and

21   referenced in his complaint, whether the ABCMR considered those documents in making either

22   of its decisions regarding correction of Thompson's military records, and whether it was required

23   to obtain and consider such documents.

24        **IT IS FURTHER ORDERED** that the parties shall submit a proposed discovery plan on

25   the issues enumerated above within **three (3) weeks** of the date of this Order. The Court shall

26   then promptly convene a scheduling conference.

27   / / /

28   / / /

**DATED** this 17th day of November, 2014.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE